UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL CITY PUPPY, LLC<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF NATIONAL CITY<br><br>                    Defendants. | Case No.: 19cv1942-LAB (BGS)<br><br>**ORDER OF REMAND** |

Defendant City of National City removed this action from state court on the basis of federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441. The Court ordered the City to show cause why this action should not be remanded. ("Order to Show Cause," Docket no. 3.) The City has now filed its response. ("Response," Docket no. 9.)

**Legal Standards**

The Court is always obligated to inquire into its own jurisdiction, *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc), and must confirm its jurisdiction before deciding any issue on the merits. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004), This is particularly true in removed actions, where the Court is obligated to remand if, at any time, jurisdiction is lacking. 28 U.S.C. § 1447(c); *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir.

2014). There is a "strong presumption" against removal, and the removing party always bears the burden of showing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* And in any action, federal jurisdiction is presumed to be lacking, until it is affirmatively established. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).

When determining whether federal question is present, the Court examines the complaint as it existed at the time of removal. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Id.* (further citations omitted). Under the "well-pleaded complaint rule," federal question jurisdiction is present only when a federal question is presented on the face of the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The caveat that the complaint be well-pleaded or properly pleaded means that a plaintiff cannot avoid federal jurisdiction by "omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir.1996) (further citations omitted). But otherwise, the plaintiff is master of its complaint, and may plead its claims in a way that avoids federal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838–39 (9th Cir. 2004).

As the Court's Order to Show Cause pointed out, federal question jurisdiction is not present in every case involving an appeal to federal law or the U.S. Constitution. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Federal question jurisdiction is present only where a well-pleaded complaint shows either that federal law creates the cause of action, or the plaintiff's right to relief "necessarily depends on a substantial question of federal law." *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954–55 (9th Cir. 2009). A

right created by federal law "must be an element, and an essential one, of the plaintiff's cause of action." *Dynegy*, 375 F.3d at 838 (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)). "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains*, 80 F.3d at 346.

**The Complaint**

The complaint brings two causes of action, each based on multiple theories. Some of the theories are federal in nature (*see, e.g.,* Compl., ¶¶ 27 (Commerce Clause), 33 (Equal Protection Clause)), and some are based on California statutory law. (*See, e.g., id.*, ¶¶ 36 (preemption by California Health & Safety Code § 122354.5).) Some theories are alternatively federal and state (*see id.*, ¶¶ 31 (procedural due process under U.S. and California constitution); or are ambiguous as to whether they arise under federal law, state law, or both. (*See id.*, ¶ 28 (void for vagueness, ambiguous, arbitrary, and discriminatory).)[1] The first claim seeks an injunction forbidding the ordinance from being enforced because it is "unconstitutional, invalid and unenforceable" (Compl., ¶ 25 and Prayer for Relief, ¶ 1), and the second seeks a declaration that the ordinance is "unconstitutional and/or otherwise invalid and unenforceable[.]" (*Id.*, ¶ 38 and Prayer for Relief, ¶ 2.)

---

[1] In support of this argument, the Complaint does not cite either the U.S. or California Constitution, even indirectly. The substance of the argument is that the ordinance Plaintiff challenges should have been identified as criminal, civil, or administrative in nature, so that the public would know whether its violation would result in an administrative warning, a civil nuisance lawsuit, or a misdemeanor charge. A "void for vagueness" challenge can be brought under either the California constitution or the Fourteenth Amendment of the U.S. Constitution. *See People v. Toledo*, 26 Cal.4th 221, 228–29 (2001) (discussing "void for vagueness" doctrine with reference to both the U.S. and California constitutions).

**Discussion**

Although the Court directed the City's attention to several issues that needed to be addressed, the City's Response fails to do so.

As the Order to Show Cause pointed out, neither of Plaintiff's claims arises under state law, and federal law is not an essential element of either claim. Both are based on a variety of theories, some federal and some state. Plaintiff could prevail on both claims and obtain all the relief it is seeking without any reference to federal law at all. By way of example, a court could determine that the ordinance in question violated procedural due process under the California constitution (without reaching the federal due process question), or that it was preempted by California Health & Safety Code § 122354.5, and could enjoin the ordinance and declare it invalid on either of these grounds alone. While a court *could* reach federal questions in order to decide all claims in Plaintiff's favor, it need not do so. Because it need not reach questions of federal law, federal law is not an essential element of either of the claims.

The Order to Show Cause also pointed out that the Complaint did not identify federal law as creating either claim. The Response does not point to any federal statute that would authorize the claims Plaintiff is bringing, and none is apparent. For example, neither claim can reasonably be construed as a claim under 42 U.S.C. § 1983, because each relies on both state and federal rights. *See Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001) (§ 1983 claim can only be based on violation of federal law).

The complaint as it stands is probably not properly pled under California law. *See Allen v. City of Sacramento,* 234 Cal. App. 4th 41, 65–66 (Cal. App. 3 Dist. 2015) (holding that claim for an injunction forbidding the enforcement of an ordinance was not, by itself, a cause of action). But the Court looks to the Complaint as pled, not as Plaintiff might have pled it. *See Rains*, 80 F.3d at 344. Any pleading error could be corrected without creating federal question jurisdiction,

4

because Plaintiff did not rely on any federal law (such as § 1983) as creating its claims, and because federal law is not an essential element of either claim.

The Complaint makes clear Plaintiff believes the ordinance violates several of Plaintiff's rights, and Plaintiff wants it enjoined and declared unenforceable. The Complaint treats various rights as theories, not separate claims. Plaintiff is not, for example, seeking separate damages for violations of particular rights, or treating violation of each right as a separate cause of action. Rather, Plaintiff wants only an injunction forbidding the ordinance's enforcement and a declaration that the ordinance is unenforceable for at least one of the reasons identified in the complaint. In the Complaint as it stands now, Plaintiff's right to relief does not depend on the construction or application of federal law. Plaintiff can prevail and obtain everything the Complaint is asking for solely on the basis of California law.

The City's Response ignores issues that the Court's Order to Show Cause raised. It also ignores both the language of the Complaint and its substance, even though the Order to Show Cause pointed out state law theories just as this order has done, *supra*. The Order to Show Cause made clear it was construing Plaintiff's separately-enumerated claims for an injunction and declaration as claims, and arguments in favor of each as theories, not separate claims (*see* Order to Show Cause at 1:21–23, 2:2–4, 2:18), but the Response without explanation dismisses the Court's construction and treats each of Plaintiff's theories as if it were a separate claim.

Attorneys commonly confuse claims with theories in this analysis. S*ee Tanner v. Kaiser*, 2015 WL 6081771, at *4 (N.D. Cal., Oct. 15, 2015) (citing *Rains*) (pointing out plaintiff's conflation of theories with claims). That said, once the Court pointed out the difference, the City should have looked more closely and addressed this issue. If the Court had misconstrued the Complaint, this was the City's opportunity to point that out. Instead, the Response stubbornly avoids the question, baldly asserting that the claims are based solely upon rights secured by

the U.S. Constitution, and calling them the "crux" and "heart" of the Complaint. (*See* Response at 3:20–21; 4:17–19.) It all but ignores state law theories, and sidesteps the question of whether they provide a sufficient basis for Plaintiff's claims.

The Response also confuses federal question jurisdiction with supplemental jurisdiction, citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) and *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156 (1997) as controlling. Those cases, however, dealt with complaints that included both federal and state claims. Plaintiff might have drafted its complaint to include both types of claims, and if it had done so, the Court could have exercised jurisdiction over them. But Plaintiff was not required to plead its claims this way, and did not.

Finally, the Response asserts that federal courts "routinely" exercise jurisdiction over challenges to ordinances like this one, and string-cites six cases from other courts, as well as one other previously-filed case in this District. The City apparently did not look at the complaints in those cases, however. Had it done so, it would have seen that in every case, at least one claim arose under federal law, and adjudication of that claim would have required the courts to decide a substantial question of federal law. The Complaint in this case looks nothing like the complaints in those cases.

**Conclusion and Order**

The City has failed to show that this Court can exercise jurisdiction over the removed action, and thus has failed to meet its burden of showing that removal was proper, or to overcome the "strong presumption" against removal. *See Gaus*, 980 F.2d at 566. Because the Court cannot reach the merits of the case, all pending motions are **DENIED WITHOUT PREJUDICE** and all pending dates or deadlines are **VACATED**. This action is **REMANDED** to the Superior Court of California for the County of San Diego.

/ / /

But the Court retains jurisdiction over the issue of the propriety of removal, and this order does not prevent Plaintiff from seeking costs or sanctions based on improper removal.

**IT IS SO ORDERED**.

Dated: October 25, 2019

Honorable Larry Alan Burns
Chief United States District Judge